## 24900. SHEDD v. THE STATE.

GUERRY, J. It does not affirmatively appear from the bill of exceptions and the record that the bill of exceptions was presented to the judge within twenty days of the judgment complained of. The writ of error must be *Dismissed. Broyles, C. J., and MacIntyre, J., concur.*

DECIDED JUNE 27, 1935.

*J. L. Wallace,* for plaintiff in error.
*J. F. Kelly, solicitor-general, J. R. Rosser,* contra.

## 24916. HAYES v. THE STATE.

BROYLES, C. J. 1. The defendant and Hardy Joyner were jointly indicted for the offense of murder. Joyner was tried first and acquitted. Upon the defendant's trial the court did not err in giving to the jury the following instructions: "The defendant, Charlie Hayes, is alone on trial in this case, and if it has or should come to your knowledge what may have occurred with reference to the case against the joint defendant, Hardy Joyner, you would not be influenced by it one way or the other, but you will try the case you now have on trial before you, irrespective of what has or may have happened to the other case."

2. It is well settled by repeated decisions of the Supreme Court and of this court that on a trial for murder, where there is evidence sufficient to raise a doubt, however slight, whether the crime be murder or manslaughter, the court should charge the law of manslaughter as well as that of murder. In this case the evidence authorized the charge on the subject of manslaughter.

3. The verdict was authorized by the evidence, and the refusal to grant a new trial was not error.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JUNE 27, 1935.

*Gordon B. Gann, H. B. Moss,* for plaintiff in error.
*H. G. Vandiviere, solicitor-general,* contra.